UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

           Plaintiff,

v.

GERRI AVERY,

           Defendant.

_____/

Case No. 4:18-CR-20086

Judge: Hon. Laurie J. Michelson

**Government's Motion in Limine to Admit Evidence Pursuant to Rule 404(b) of the Federal Rules of Evidence**

The United States of America (the "Government"), by and through its counsel, hereby files the instant Motion for leave of the Court to admit in its case-in-chief the specific evidence discussed below. The United States maintains that this evidence is probative, relevant, and admissible as evidence of Defendant's knowing and intentional acts to obstruct Internal Revenue Service ("IRS") efforts to collect unpaid payroll taxes, in violation of Count Four of the Indictment in the above-referenced matter. In an abundance of caution the Government also provides notice pursuant to the Federal Rules of Evidence Rule 404(b)  ("Rule 404(b)") with regard to this evidence as potential evidence of "prior bad acts" offered not to prove Defendant Gerri Avery's ("Defendant") character, but to establish motive, opportunity, intent, preparation, plan, knowledge and lack of mistake or inadvertence. The Government intends to introduce this evidence through witness testimony and related documents. Additionally, the Government submits that the probative value of this evidence is not substantially outweighed by the chance of unfair or undue prejudice.

The Government intends to offer documents and testimony showing Defendant signed and drafted payroll checks to Integrated HCS Practice Management, LLC ("Integrated Management") employees and also communicated with Integrated Management employees regarding their payroll payments during the time period of approximately May of 2013 through November of 2014. This evidence will be introduced to show Defendant knowing and intentionally acted to obstruct or impede the due administration of the internal revenue laws.

WHEREFORE, the Government respectfully requests that this evidence of Defendant's actions occurring between May of 2013 through November of 2014 be held admissible, either as direct evidence of the knowledge and intent of Defendant to obstruct the due administration of the internal revenue laws, or alternatively, admissible pursuant to Rule 404(b).

| | |
|---|---|
| Date: May 30, 2019 | Respectfully Submitted,<br><br>MATTHEW SCHNEIDER<br>United States Attorney<br><br>/s/ Mark McDonald<br>MARK MCDONALD (VA 72198)<br>WILLIAM GUAPPONE (NC 46075)<br>Trial Attorneys<br>U.S. Department of Justice, Tax Division<br>150 M Street N.E. – 1st Floor<br>Washington D.C. 20002<br>Phone: (202) 305-2672<br>Mark.S.McDonald@usdoj.gov |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

           Plaintiff,

v.

 v.

GERRI AVERY,

           Defendant.

_____/

Case No. 4:18-CR-20086

Judge: Hon. Laurie J. Michelson

**Government's Brief in Support of Motion in Limine to Admit Evidence Pursuant to Rule 404(b) of the Federal Rules of Evidence**

      COMES NOW the United States of America (the "Government") and hereby files its Memorandum Brief in support of its Motion in Limine to admit specified evidence as either inextricably intertwined with charged conduct, or pursuant to Rule 404(b) of the Federal Rules of Evidence ("Rule 404(b)") for the purpose of proving Defendant's motive, opportunity, intent, preparation, plan, knowledge and lack of mistake or inadvertence. Much of this evidence involves actions occurring between May of 2013 and November of 2014. The Government intends to offer the following evidence at trial to prove that Defendant knowing and intentionally acted to obstruct or impede the due administration of the internal revenue laws, specifically Internal Revenue Service ("IRS") collection efforts, during her communications with the IRS beginning in July of 2014, based on the following specific evidence that shows Defendant's knowledge of Integrated HCS Practice Management, LLC ("Integrated Management") finances and payroll practices and her efforts to continue Integrated Management efforts to collect

accounts receivable using employees paid from a business bank account in the name of a nominee entity called Perspective Solutions, LLC ("Perspective Solutions"):

(1) On approximately May 6, 2013, Defendant executed a signature card making her, Defendant Edward Cespedes, and Individual C authorized signors for the Integrated Management operating account.

(2) In or about December of 2013 to January of 2014, Defendant had conversations with Ron Waltz and Co-Defendant Jospeh DeSanto discussing the Integrated Management's practice of issuing payroll checks to employees, but not collecting or paying the payroll taxes owed. (Attachment A).

(3) From January 3, 2014, through approximately February 14, 2014, Defendant signed Integrated Management payroll checks payable to approximately 18 individual Integrated Management employees. (Attachment B).

(4) On approximately January 31, 2014, Defendant executed a signature card making her and Defendant Edward Cespedes the only authorized signors for the Integrated Management operating bank account. On approximately January 31, 2014,

(5) On approximately February 14, 2014, Defendant opened, or agreed to the opening of, a JP Morgan Chase Bank business account for Perspective Solutions, listing Defendant and Individual W as the only authorized signors. (Attachment C).

(6) From approximately February 28, 2014, through approximately November 17, 2014, Defendant signed, and on some occasions drafted, payroll checks and bi-weekly checks for wages to a roster of the same group of individual Integrated Management employees who received February 14, 2014, payroll checks. The relevant Perspective Solutions payroll checks provide Defendant's home address as the Perspective Solutions business address. The number of Integrated Management employees earning wages dwindled and then stopped on approximately November 17, 2014. (Attachment B).

(7) On approximately March 10, 2014, Defendant filed, or agreed to the filing of, a document with the Florida Division of Corporations, seeking authorization for Perspective Solutions to transact business in Florida. The document informed the Florida Division of Corporations that all contact regarding Perspective Solutions should be sent to Defendant at her home address, phone number, and email address. (Attachment D).

(8) From March 13, 2014, through May 3, 2014, Defendant communicated with Individual G, an employee of Integrated Management, several times via Skype chat messages regarding: (a) Details of a child support deduction that was initially deducted from Integrated Management wages; (b) Timely delivery of his payroll check; (c) His medical insurance coverage and card;

3

> whether a statement of earnings, deductions and withholdings would be provided to him.

The Government views the categories of evidence described above as directly relevant and intrinsic to the crime charged, however, in an abundance of caution, should the Court determine the evidence not to be relevant and intrinsic to charged conduct, the Government submits that this evidence is also admissible pursuant to Rule 404(b). Further, the Government contends that the probative value of the evidence discussed herein is not substantially outweighed by the chance of unfair prejudice under Rule 403.

### I. Background

On February 7, 2018, Defendant Gerri Avery was charged in Count Four of the relevant indictment with corruptly endeavoring to obstruct and impede the due administration of the Internal Revenue laws, in violation of 26 U.S.C. § 7212(a). (Doc. # 1). The indictment alleges Defendant obstructed payroll tax collection proceedings conducted by the Internal Revenue Service ("IRS") seeking to recover past due payroll taxes owed by Integrated HCS Practice Management, LLC ("Integrated Management") for the third quarter of 2013 through the first quarter of 2014. (Doc. # 1).

The current indictment alleges in 2014, when the IRS attempted to determine the individuals who controlled Integrated Management's finances and therefore should be held responsible for paying those unpaid payroll taxes, Defendant Avery provided false and misleading information to the IRS minimizing her knowledge of Integrated Management payroll activity and finances and directing the IRS to investigate individuals she knew did not in reality control Integrated Management's finances. (Doc. # 1 at 7).

In the same indictment, Defendants Edward Cespedes and Joseph DeSanto were each charged with the willful failure to account for, collect, and pay over Integrated Management's payroll taxes, in violation of 26 U.S.C. § 7202. (Doc. # 1). The indictment alleges Defendant Cespedes and Defendant DeSanto were each a "responsible person" with the corporate responsibility to collect, truthfully account for, and pay over Integrated Management's payroll taxes. (Doc. # 1 at 4). Both Defendant Cespedes and DeSanto pleaded guilty to Count Two of this indictment on May 1, 2019. (Doc. # 69; Doc. # 71).

At trial, the Government's evidence will show Integrated Management provided management and collection services to healthcare providers in Michigan, beginning operations in approximately February of 2013. The Integrated Management operating account was opened on approximately January 28, 2013. From January 28, 2013 through December of 2013, the account received deposits totaling over approximately $6.19 million. In January and February of 2014, the Integrated Management operating account received deposits totaling over approximately $480,000,

Forms 941 (Employer's Quarterly Tax Forms) submitted by Integrated Management to the IRS indicate they employed 51 employees during the 1st Quarter of 2013 ("2013Q1"), 70 employees during the 2nd Quarter of 2013 ("2013Q2"), 90 employees during the 3rd Quarter of 2013 ("2013Q3"), and 120 employees during the 4th Quarter of 2013 (2013Q4). Integrated Management Forms 941 reported paying a total of approximately $2.9 million in wages to its purported employees in 2013. At trial, bank records will show Integrated Management Integrated Management issued payroll checks to approximately 60 employees in January and February of 2014.

5

Despite filing Forms 941 and paying nearly $3 million in payroll to employees, Integrated Management did not submit Forms W-2 (Wage and Tax Statements) with the Government for its employees. Bank records will show from at least January of 2014 forward, all Integrated Management payroll checks bear Defendant's signature.

IRS records and witness testimony will show Integrated Management failed to properly collect, account for, or pay over a total of approximately $216,700 in payroll taxes due and owing based on wages paid during 2013Q3, 2013Q4, and the 1st Quarter of 2014 ("2014Q1").

On July 24, 2014, the IRS sent a letter to Avery asking to meet with her for an interview on August 19, 2014, and requesting she attend a meeting as part of the IRS collection process and bring Integrated Management financial information to the meeting, such as Integrated Management bank signature cards, cancelled checks, and bank statements. In reply to the letter, on August 3, 2014, Defendant left a voicemail for IRS Revenue Officer ("RO") Toni Allen saying, in part, the RO should be seeking to collect unpaid Integrated payroll taxes by "…looking at [Individual B] and [Individual C] before looking at employees … and indicating "… they never received any cancelled checks, [and she was] not sure how to get all of the other [bank signature cards, cancelled checks, and bank statements]." for Integrated Management.

On April 22, 2014 and November 16, 2014, Defendant sent correspondence to the IRS containing misleading and fraudulent statements in an attempt obstruct and to impede IRS collections efforts, including statements that:

(a) Defendant was not involved in the hiring of employees;

(b) Defendant "had not participated in discussions about which [Integrated Management] bills would be paid. All she knows is that she would be handed checks by someone …"; and

(c) Defendant had a "limited knowledge" of Integrated Management finances.

**II. Applicable Law**

   A. Case Law

The Government bears the burden of proving that Defendant knowingly engaged in a corrupt endeavor to obstruct and impeded the due administration of the Internal Revenue Service, in violation of Count Four of the Indictment. The elements of knowledge and intent are properly proven through circumstantial evidence, offered to establish a defendant's mental state through their actions. *United States v. Winkle*, 477 F.3d 407, 413-414 (6th Cir. 2007). Conduct "inextricably intertwined" with a charged offense, necessary to describe the charged offense, is relevant and admissible, falling outside the parameters of Rule 404(b), as long as there is an adequate "causal, temporal or spacial connection with the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000).

Accordingly, evidence of conduct not specifically described in an indictment, but probative of a defendant's knowledge and intent regarding the indictment are admissible as intrinsic circumstantial evidence of defendant's *mens rea*.

   B. Federal Rules of Evidence R. 404(b)

Rule 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may,

7

however, be admissible for other purposes, such as proof of **motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident**, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial. (*emphasis added*)

Fed. R. Evid. 404(b). Rule 404(b) is a rule of inclusion rather than exclusion. *United States v. Myers*, 102 F.3d 227, 235 (6th Cir. 1996). The Sixth Circuit has stated that "prior bad acts and communications of third persons who are participants in a multi-party . . . scheme are admissible as long as they constitute part of the same criminal episode, whether or not a conspiracy is charged, and as long as independent evidence ties the defendant to that scheme." *United States v. Toney*, 161 F.3d 404, 413-14 (6th Cir. 1998). Extrinsic acts evidence may be critical, ... especially when the issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct. *Huddleston v. United States*, 485 U.S. 681, 685 (1988).

    The Sixth Circuit has promulgated a three part for the admission of so-called "404(b) evidence." *United States v. Mack*, 258 F.3d. 548, 554 (6th Cir. 2001). *See also United States v. Tasis*, 696 F.3d 623, 627 (6th Cir. 2012) (evidence of prior unrelated scheme to defraud admitted to prove defendant's knowledge of prior scheme and association with co-defendant). The *Mack* Court held that for 404(b) evidence to be admissible a Court must make preliminary findings that: 1) the prior act occurred; 2) the

8

evidence of the prior act is admissible for a proper purpose under the Rule; and 3) the "other act evidence" is more probative than prejudicial under Rule 403. The *Mack* Court permitted the jury to hear evidence of a prior uncharged robbery, allegedly committed by the defendant, to prove the defendant's identity.

### III. Argument

In its case-in-chief the Government anticipates introducing testimonial and documentary evidence through former Integrated Management employees that communicated with Gerri Avery regarding payroll checks, Integrated Management operations, and continued receiving pay in exchange for conducting Integrated Management operations to collect accounts receivable after January of 2014. The Government contends that this evidence, although not specifically charged in the Indictment, is relevant to the allegations contained in Count Four of the Indictment and is "inextricably intertwined" with that charges. In the alternative, the Government maintains that this evidence is admissible under Rule 404(b), as evidence of Defendant's knowledge and intent to obstruct IRS collection activity.

Evidence regarding Defendant's interactions with Integrated Management employees, as described above, falls under the definition of relevant circumstantial evidence probative of Defendant's knowledge and intent as described by the Sixth Circuit in *Winkle* and *Hardy*. Although Defendant's conduct described herein is not included in the Indictment there is a "causal, temporal and spacial connection with the charged offense." *United States v. Hardy*, 228 F.3d at 748. The allegation that Defendant endorsed and drafted payroll checks for Integrated Management employees in 2014 and for persons receiving Perspective Solutions payroll checks while conducting

9

Integrated Management operations is probative on the question of the allegation that Defendant knowingly and intentionally acted to obstruct IRS efforts to collect unpaid Integrated Management payroll taxes when she claimed to have a "limited knowledge" of Integrated Management's finances.

In the alternative, if the Court finds that this evidence is not directly relevant to the charges contained in Count Four of the Indictment, the Government submits that this evidence is also admissible under Rule 404(b) and the test promulgated by the *Mack* Court. The first prong of the *Mack* Court's three part test is easily dispensed with – that the conduct occurred. The evidence is overwhelming and indisputable. Defendant has admitted to her duties in drafting Integrated Management and Perspective Solutions payroll checks during civil depositions testimony on April 7, 2014. (See Attachment A at 3).

The second *Mack* Court prong: "is the evidence admitted for a proper Rule 404(b) purpose," - is also easily satisfied. This evidence is not offered as "character" evidence, but to establish that Defendant knew, and intentionally made statements she knew to be false and misleading in an attempt to obstruct IRS collection efforts.

Finally, the third prong of the *Mack* Court test is also satisfied. The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice under Rule 403. The conduct being described by this evidence – evidence of Defendant opening bank accounts, drafting payroll checks, and communicating regarding withholding, payroll checks, payroll deductions, earning statements arises from the same set of facts as Count Four in the Indictment. This "causal link" not only makes this evidence highly probative of Defendant's knowledge, it also lessens any danger of

undue prejudice. It is not "unfair" or "undue" for the Court to permit the introduction of evidence of Defendant's own conduct, which it is alleged this conduct proves the falsity of statements she made to the IRS. For example, Defendant knew she was misleading the IRS when she communicated to the IRS on April 22, 2016, that she had a "limited knowledge" of Integrated Management's finances, when Defendant: (a) Knew knew from January of 2014 through November of 2014, Integrated Management employees received pay through a nominee entity in exchange for their ongoing work to collect Integrated Management accounts receivable; (b) Controlled and had signature card authority over the relevant operating bank account; (c) Opened the Perspective Solutions bank account to act as an Integrated Management nominee entity, used her personal home address, email address, and phone number to conduct Perspective Solutions business; and (d) Paid Integrated Management employees by drafting Perspective Solutions payroll checks.

### III. CONCLUSION

For the foregoing reason the Government requests the Court admit testimonial and documentary evidence showing acted with the knowledge and intent to obstruct IRS collection efforts in this matter.

Date: May 30, 2019                    Respectfully Submitted,

                                      MATTHEW SCHNEIDER
                                      United States Attorney

                                      /s/ Mark McDonald
                                      MARK MCDONALD (VA 72198)
                                      WILLIAM GUAPPONE (NC 46075)
                                      Trial Attorneys
                                      U.S. Department of Justice, Tax Division

11

150 M Street N.E. – 1st Floor
Washington D.C. 20002
Phone: (202) 305-2672
Mark.S.McDonald@usdoj.gov

12

## CERTIFICATE OF SERVICE

      I hereby certify that on this 30th day of May 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

    Kimberly W. Stout
    *Defense Counsel for Gerri Avery*

                               /s/ Mark McDonald
                               Mark McDonald
                               Trial Attorney