UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GERRI AVERY,<br><br>　　　　　Defendant.<br>_____/ | Case No. 4:18-CR-20086<br><br>Judge: Hon. Laurie J. Michelson<br><br>**Government's Motion in Limine to Preclude Defendant from Making Advice of Counsel Claims Before the Jury** |

The United States of America (the "Government"), by and through its counsel, respectfully requests that the Court preclude Defendant Gerri Avery from making claims before the jury that she relied on the advice of her attorneys, until she has made a prima facie showing of a valid reliance defense.

WHEREFORE, the Government respectfully requests that the court preclude defendant from making advice of counsel claims before the jury without first laying a proper foundation.

Date: June 18, 2019

Respectfully Submitted,

MATTHEW SCHNEIDER
United States Attorney

/s/ Mark McDonald
MARK MCDONALD (VA 72198)
WILLIAM GUAPPONE (NC 46075)
Trial Attorneys
U.S. Department of Justice, Tax Division
150 M Street N.E. – 1st Floor
Washington D.C. 20002
Phone: (202) 305-2672
Mark.S.McDonald@usdoj.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GERRI AVERY,

    Defendant.

                       /

Case No. 4:18-CR-20086

Judge: Hon. Laurie J. Michelson

**Government's Brief in Support of Motion in Limine to Preclude Defendant from Making Advice of Counsel Claims Before the Jury**

COMES NOW the United States of America (the "Government") and hereby files its Memorandum Brief in support of its Motion in Limine to preclude Defendant Gerri Avery from alluding to claims of reliance on advice of counsel before the jury until she has made a prima facie showing of a valid reliance defense.

Defendant Gerri Avery is charged with one count of a violation of 26 U.S.C. § 7212(a), arising from her corrupt endeavor to obstruct or impede the due administration of the internal revenue laws during the time period from July 2014 to on or about July 20, 2017. Specifically, Defendant is alleged to have misled the IRS during communications regarding the IRS's efforts to collect Integrated HCS Practice Management's payroll taxes due and owing. At trial, Defendant may attempt to argue all her communications with the IRS during the relevant time period were conducted based on the advice of her civil counsel, including civil counsel Neal Nusholtz and civil counsel from the firm Simon PLC. However, if there is no foundation for a valid reliance on counsel defense, then any such arguments would merely serve to confuse the jury.

Accordingly, the Court should exclude any evidence or argument regarding a reliance on counsel defense unless and until Defendant makes a prima facie showing to the Court that (1) Defendant fully disclosed to her attorneys all relevant facts upon which the advice was based, and (2) the defendant in good faith relied on her attorneys' advice. *United States v. Miller*, 658 F.2d 235, 237 (4th Cir. 1981) ("[T]he essential elements of a reliance defense are 1) full disclosure of all pertinent facts to an expert and 2) good faith reliance on the expert's advice."); *United States v. Mathes*, 151 F.3d 251, 255 (5th Cir. 1998) ("[T]he fact that [defendant] did not fully disclose all of the pertinent facts to the attorney would support the district court's determination that [defendant] did not in good faith rely on the advice of counsel."); *see also United States v. Tandon*, 111 F.3d 482, 490 (6th Cir. 1997) (noting that jury instruction for professional reliance defense not warranted where there was no evidence that full disclosure was made or that advice was given); *United States v. Masat*, 948 F.2d 923, 930-31 (5th Cir. 1991) (affirming refusal to give reliance instruction based simply on letters and legal documents).

Such a prima facie showing may be made by defendant herself if she chooses to testify; however, it cannot come from defense counsel's improper questioning of witnesses concerning their speculation as to her state of mind. *United States v. Rea*, 958 F.2d 1206, 1216 (2d Cir. 1992) ("When the issue is a party's knowledge, which is perhaps a more easily fathomed state of mind than, for example, intent or motivation, we suspect that in most instances a proffered lay opinion will not meet the requirements of Rule 701"); *United States v. Salisbury*, 365 Fed. Appx. 622, 628 (6th Cir. 2010) (noting that the district court's refusal to give the defendant's proposed good faith

instruction in a tax fraud case was proper because the defendant "did not testify, so he could not explain what he believed about his taxes or whether he made a full and accurate report to his tax preparer," and thus failed to lay the proper foundation).

For the foregoing reasons the Government respectfully requests that the court preclude defendant from making advice of counsel claims before the jury without first laying a proper foundation.

Date: June 18, 2019                                         Respectfully Submitted,

MATTHEW SCHNEIDER
United States Attorney

/s/ Mark McDonald
MARK MCDONALD (VA 72198)
WILLIAM GUAPPONE (NC 46075)
Trial Attorneys
U.S. Department of Justice, Tax Division
150 M Street N.E. – 1st Floor
Washington D.C. 20002
Phone: (202) 305-2672
Mark.S.McDonald@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on this 18th day of June 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

    Kimberly W. Stout
    *Defense Counsel for Gerri Avery*

                              <u>/s/ Mark McDonald</u>
                              Mark McDonald
                              Trial Attorney